IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARY JANE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-111 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned complaint *pro se* on June 28, 2013, seeking review of an adverse decision by the Commissioner concerning her request for supplemental security income ("SSI") benefits. (Doc. no. 1.) On July 3, 2013, the Court granted Plaintiff's motion to proceed *in forma pauperis*, (doc. no. 3), but directed her to submit an amended complaint within fourteen (14) days clarifying the dates on which she previously applied for benefits from the Social Security Administration, as well as the dates on which those applications were denied. (Id.) When Plaintiff failed to respond, the Court granted her an additional fourteen (14) days to comply on July 19, 2013. (Doc. no. 4.) On August 2, 2013, Plaintiff submitted an amended complaint that included a copy of two out of three pages of a Notice of Appeals Council Action dated January 17, 2013. (Doc. no. 5, pp. 6-7.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** as time-barred, and that this civil action be **CLOSED**.

According to the Notice of Appeals Council Action included with the amended complaint, she requested review of an Administrative Law Judge's adverse decision dated April 12, 2011, and was denied such review. (Id.) In the letter, the Appeals Council directs Plaintiff to the sections of the Social Security Act relevant to filing a civil action for review, namely §§ 205(g) and 1631(c)(3), which are also contained in 42 U.S.C. § 405(g). Section 405(g), in pertinent part, provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

Thus, § 405(g) provides the following prerequisites for judicial review: 1) a final decision made by the Commissioner after a hearing, 2) the commencement of a civil action within sixty days of the mailing of notice of the Commissioner's decision, and 3) the filing of the action in an appropriate district court. Weinberger v. Salfi, 422 U.S. 749, 763 (1975). Here, when the Appeals Council denied Plaintiff's request for review, the Commissioner's decision was final for the purpose of judicial review under § 405(g). Therefore, the first requirement is not at issue in this case. The third requirement relates to venue and is also not at issue in this case. Plaintiff, however, fails to meet the second requirement, in that she filed her civil action more than three months after the deadline for the filing of such actions had passed.

Plaintiff's administratively exhausted claims were denied by the Appeals Council in

a letter dated January 17, 2013, and stamped as received on January 25, 2013. (Doc. no. 5, p. 6.) Nevertheless, Plaintiff did not file the instant suit until June 28, 2013 – well beyond the sixty-day limit provided by § 405(g). Thus, Plaintiff's claims are untimely.

The requirement of filing a complaint within sixty days is "not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986) (citations omitted). Nevertheless, because "the sixty-day limit is a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed." Id. at 479. That being the case, Plaintiff's complaint is time-barred. Furthermore, Plaintiff has offered no basis upon which the statutory period may be equitably tolled. Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). In order to justify an untimely filing, a claimant must show "extraordinary circumstances." Id. Here, Plaintiff has made no effort to demonstrate any circumstances, extraordinary or otherwise, that would justify the untimeliness of her filing and thus allow for equitable tolling.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** as time-barred, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of August, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

3